UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES HEIDGER,

   Plaintiff,

              Case Number 10-13534-BC
v.              Honorable Thomas L. Ludington

GANDER MOUNTAIN COMPANY,

   Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, CANCELING HEARING, AND DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE**

Plaintiff James Heidger began working for Defendant Gander Mountain Company in August 1997 as a gunsmith. He began working full-time in 2007, and was making $15.00 per hour on his last day of work, July 25, 2009. Gunsmithing at Gander Mountain was a second career for Plaintiff, which he began after retiring from the City of Saginaw.

In May 2009, Plaintiff began experiencing numbness in his left hand. Eventually, Plaintiff completely lost the use of the hand as a result of the symptoms. He stopped working in July 2009 because the loss of the use of his hand left him unable to perform his job duties. Pl.'s Dep. at 57. Plaintiff eventually learned that the problem was caused by neurological damage in his elbow and underwent surgery in December 2009 to correct the problem. By the time Plaintiff was well enough to return to work on February 15, 2009, however, Defendant had hired a new gunsmith for its Saginaw store and Plaintiff's position was eliminated on February 3, 2010.

On September 3, 2010, Plaintiff filed a complaint against Defendant alleging claims for interference with his right to medical leave in violation of the Family Medical Leave Act ("FMLA"),

29 U.S.C. §§ 2601–2617, retaliation for exercising his right to medical leave also in violation of the FMLA, and discrimination based on a disability in violation of the Michigan Persons with Disabilities Civil Rights Act ("MPDCRA"), Mich. Comp. Laws §§ 37.1101–.1607. Following discovery, Defendant filed a motion for summary judgment on May 16, 2010. Defendant contends that Plaintiff cannot demonstrate that Defendant interfered with his rights under the FMLA or retaliated against him for exercising his right to medical leave. Defendant further contends that Plaintiff was never disabled within the meaning of the MPDCRA. Plaintiff filed a response on July 1, 2011, and Defendant filed a reply on July 15, 2011. For the reasons explained below, Defendant's motion will be granted and Plaintiff's complaint will be dismissed with prejudice.

**I.**

When Plaintiff began experiencing problems with his hand in May 2009, he began taking time off from work and started a therapy program prescribed by his physician. Those solutions were ineffective, however, and Plaintiff was ultimately forced to stop working completely after July 25, 2009 because he had lost the use of his right hand. Plaintiff admitted during his deposition that the loss of the use of his left hand made it impossible for him to do his job and that there was no way to accommodate the problem. Pl.'s Dep. at 51.

Sometime after Plaintiff left work in late July, he began seeing a neurologist named Dr. Jesko. Dr. Jesko was unable to diagnose Plaintiff's problem and referred him to a specialist. Dr. Jesko also completed an FMLA certification form on September 8, 2009, indicating that Plaintiff was unable to work from August 1, 2009 through November 2, 2009. [Dkt. # 13-11]. Plaintiff did not ask Dr. Jesko to provide the certification form to Gander Mountain. Plaintiff indicated that he had never seen the certification form, he did not know where or from whom Dr. Jesko obtained the

certification form, and he did not know why Dr. Jesko filled it out and provided it to Gander Mountain.

The manager at the Saginaw store who received the FMLA certification forwarded it to Gander Mountain's benefits manager, Dennis Frank, at the company's headquarters in Minnesota on September 14, 2009. On September 17, 2009, Frank drafted and mailed a letter to Plaintiff, advising him that he was eligible for twelve weeks of unpaid FMLA leave through October 23, 2009. [Dkt. # 13-15, 13-23]. The letter also advised Plaintiff that he was eligible for short-term disability, which entitled him to sixty percent of his earnings for up to eight weeks.[1] Plaintiff never received Frank's letter. Indeed, Plaintiff did not know he had ever been on FMLA leave until months later, when his employment was terminated.

Ultimately, doctors determined that the numbness in Plaintiff's arm was caused by nerve damage in his elbow, and he underwent surgery in January 2010 to repair the damage. Meanwhile, Defendant had determined in late 2009 that Plaintiff's FMLA leave had expired, and began looking for another gunsmith to replace him in December 2009. On December 22, 2009, a gunsmith named Rod Nyland applied for the job. [Dkt. # 13-24]. Sometime between January 11, 2010 and February 3, 2010, Nyland was offered the position. *Id.*

On February 3, 2009, Nyland accepted the job. The head of Defendant's gunsmith department, Roy Christianson, who is based in Wisconsin, called Plaintiff the same day to explain that Plaintiff's employment in Saginaw was terminated. *Id.* Christiansen also e-mailed Plaintiff a letter from Frank explaining that Plaintiff's FMLA leave had expired and his employment was terminated. [Dkt. # 13-16]. The letter from Frank, however, contained an error in the date that

---

[1] Plaintiff ultimately applied for, and received, both short-term and long-term disability.

Plaintiff's FMLA leave ended. Plaintiff was provided an updated letter with the correct dates on February 4, 2010. [Dkt. # 13-17].

On February 13, 2010, Plaintiff e-mailed Christianson and the manager of the Saginaw store, copying his attorney, indicating that he wanted to return to work. [Dkt. # 13-18]. On February 15, 2010, Plaintiff was cleared to return to work by his physician. [Dkt. # 13-19]. Plaintiff also applied for an open gunsmith position through Gander Mountain's website, but he was not hired. On September 3, 2010, he filed the complaint in this case, alleging claims for violation of the FMLA and the MPDCRA.

## II.

A motion for summary judgment should be granted if the "movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of informing the Court of the basis for its motion, and identifying where to look in the record for relevant facts "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the opposing party who must "set out specific facts showing a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citation omitted). If the opposing party does not raise a genuine issue of fact and the record indicates the moving party is entitled to judgment as a matter of law, the court shall grant summary judgment. *Id.* at 250.

The Court must view the evidence and draw all reasonable inferences in favor of the non-moving party and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."

*Id.* at 251–52. The party opposing the motion may not "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact" but must make an affirmative showing with proper evidence in order to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). A party opposing a motion for summary judgment must designate specific facts in affidavits, depositions, or other factual material showing "evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

### III.

The FMLA permits eligible employees to take up to twelve workweeks of leave per year due to a "serious health condition." 29 U.S.C. § 2612(a)(1)(D). A "serious health condition" is "an illness, injury, impairment, or physical or mental condition that involves—(A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health care provider." 29 U.S.C. § 2611(11). An employer may require an employee to provide a doctor's certification confirming a serious health condition exists. 29 U.S.C. § 2613(a). The certification must state the date the serious health condition began, the probable duration of the condition, and the appropriate facts about the condition. 29 U.S.C. § 2613(b). If the employer "doubt[s] the validity" of the certification, it "may require, at the expense of the employer, that the eligible employee obtain the opinion of a second health care provider[.]" 29 U.S.C. § 2613(c)(1).

If an employer interferes with an eligible employee's right to FMLA leave, or retaliates against an eligible employee for exercising her right to leave, the employer is liable for compensatory damages, including lost earnings and interest. 29 U.S.C. §§ 2615, 2617. The employee is also entitled to liquidated damages in an amount equal to the compensatory damages unless the employer can show "*both* good faith *and* reasonable grounds" for the violation. *Hoge v.*

*Honda of Am. Mfg.*, 384 F.3d 238, 251 (6th Cir. 2004) (quoting *Chandler v. Specialty Tires of Am.*, 283 F.3d 818, 827 (6th Cir. 2002)); *see also* 29 U.S.C. § 2617(a)(1)(A)(iii). Plaintiff has filed both an interference and a retaliation claim. Each claim will be discussed in turn.

## A.

To demonstrate an FMLA interference claim, Plaintiff must show that:

> (1) [he] was an eligible employee, (2) the defendant was an employer as defined under the FMLA, (3) [he] was entitled to leave under the FMLA, (4) [he] gave the employer notice of [his] intention to take leave, and (5) the employer denied the employee FMLA benefits to which [he] was entitled.

*Edgar v. JAC Prods., Inc.*, 443 F.3d 501, 507 (6th Cir. 2006) (citations omitted). Here, as Defendant emphasizes, Plaintiff cannot demonstrate that Defendant denied him any FMLA benefit to which he was entitled. The FMLA provides that an employee is entitled to twelve weeks of unpaid leave because of a serious medical condition. Plaintiff was provided more than six months of leave before the decision to terminate his employment was made. It was only after his supervisor informed him that his employment was ending that Plaintiff made any effort to return to work at all.

As the Sixth Circuit explained in *Edgar*, "an employer does not violate the FMLA when it fires an employee who is indisputably unable to return to work at the conclusion of the 12-week period of statutory leave." *Id.* at 507–08 (citing *Cehrs v. Ne. Ohio Alzheimer's Research Ctr.*, 155 F.3d 775, 784–85 (6th Cir. 1998)). Both parties agree that Plaintiff was unable to return to work until February 15, 2010, more than six months after he first left because of a medical condition. Defendant did not violate Plaintiff's right to medical leave by terminating his employment after providing him the full allotment of leave time.

Plaintiff argues that Defendant interfered with his right to FMLA leave by failing to inform him that he was entitled to FMLA leave. Even assuming Plaintiff was not informed, he cannot

demonstrate interference by claiming he did not know about his rights under the FMLA. The FMLA requires that an employee provide notice of his intention to exercise his right to FMLA leave. *Edgar*, 443 F.3d at 507. Plaintiff has not identified any legal authority for the proposition that an employer who does not inform an employee that a particular leave is considered FMLA leave has interfered with that employee's rights under the statute. Indeed, it is not clear how an employer could violate the FMLA by providing the employee more than double the amount of medical leave required by the FMLA even though the employee did not fulfill his obligation to provide notice to the employer of his intention to take FMLA leave.

**B.**

Plaintiff also claims that he was retaliated against by Defendant for exercising his right to FMLA leave. To demonstrate a claim for FMLA retaliation, Plaintiff must show that (1) he availed himself of a protected right under the FMLA; (2) he suffered an adverse employment action; and (3) that there was a causal connection between the exercise of his rights under the FMLA and the adverse employment action. *Id.* at 508. Plaintiff's retaliation claim will be dismissed because he cannot demonstrate a causal connection between his medical leave and the decision to end his employment.[2]

Plaintiff began his medical leave on August 1, 2009 and the twelve-week period guaranteed by the statute expired on October 23, 2009. It was only after Plaintiff had still not returned to work three and a half months later that Defendant decided to terminate his employment. Plaintiff's employment was terminated because he had still not come back to work long after the FMLA leave

---

[2] Notably, pursuant to Plaintiff's version of the events, he also cannot demonstrate that he availed himself of a protected right under the FMLA. According to Plaintiff, he was never on FMLA leave.

period had expired; not because he took FMLA leave. Indeed, Plaintiff has offered no evidence that his decision to take FMLA leave was related to the decision to terminate his employment in any way.

## IV.

Plaintiff's complaint also included a claim for violation of the MPDCRA. Defendant has demonstrated that Plaintiff did not have a "disability" as that term is defined by the statute because, by Plaintiff's own admission, he was unable to perform his job even with accommodations. *See* Mich. Comp. Laws § 37.1103(d). Plaintiff has not challenged Defendant's argument. Accordingly, the MPDCRA claim will also be dismissed.

Accordingly, it is **ORDERED** that Defendant's motion for summary judgment [Dkt. # 13] is **GRANTED**.

It is further **ORDERED** that Plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that the hearing scheduled for August 24, 2011 is **CANCELED** based on the Court's determination that the parties' papers provide the necessary factual and legal information to resolve the motion. *See* E.D. Mich. L.R. 7.1(f)(2).

                                                  s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge

Dated: August 22, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 22, 2011.

                                      s/Tracy A. Jacobs
                                      TRACY A. JACOBS